# EXHIBIT 'A'

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05806-S1**
**8/5/2021 11:41 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

DAVID JONES

                                        CIVIL ACTION   **21-C-05806-S1**
                                        NUMBER:_____

                        PLAINTIFF                   *Served 8-6-21*
                                                    *Return ec*

            VS.

DOUBLE "S" TRUCK LINE, INC.,

NATIONWIDE INSURANCE COMPANY

OF AMERICA, SCOTTSDALE INDEMNITY COMPANY and JOSEPH SKAGGS,

                        DEFENDANT

## SUMMONS

**SCOTTSDALE INDEMNITY COMPANY**
· registered agent CORPORATION SERVICE COMPANY
**TO THE ABOVE NAMED DEFENDANT:**    2 Sun Court, Suite 400, Peachtree Corners, GA 30092

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Moyer Law Firm, LLC
1100 Circle 75 Parkway
Suite 460
Atlanta, GA 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____5TH____ day of ____AUGUST____, 20__21__.

                                        **TIANA P. GARNER**
                                        ~~Richard T. Alexander, Jr.,~~
                                        Clerk of State Court

                                        By_____
                                                Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05806-S1
8/5/2021 11:41 AM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**DAVID JONES**

CIVIL ACTION
NUMBER: **21-C-05806-S1**

*Served 8-6-21 Patrea Ever*

PLAINTIFF

VS.

**DOUBLE "S" TRUCK LINE, INC.,**

**NATIONWIDE INSURANCE COMPANY**

**OF AMERICA, SCOTTSDALE INDEMNITY COMPANY and JOSEPH SKAGGS,**

DEFENDANT

## SUMMONS

**NATIONWIDE INSURANCE COMPANY**
**registered agent CORPORATION SERVICE COMPANY**
**2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Moyer Law Firm, LLC
1100 Circle 75 Parkway
Suite 460
Atlanta, GA 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**5TH**_____ day of _____**AUGUST**_____, 20 **21**.

**TIANA P. GARNER**
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05806-S1**
**8/5/2021 11:41 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

DAVID JONES,

                Plaintiff,

v.

DOUBLE "S" TRUCK LINE, INC.,
NATIONWIDE INSURANCE COMPANY
OF AMERICA, SCOTTSDALE INDEMNITY
COMPANY and JOSEPH SKAGGS,

                Defendant.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.: **21-C-05806-S1** _____

## COMPLAINT FOR DAMAGES

COMES NOW DAVID JONES Plaintiff, and makes and files this complaint against Defendants DOUBLE "S" TRUCK LINE, INC. (hereinafter referred to as "Defendant DOUBLE "S"), NATIONWIDE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "Defendant NATIONWIDE"), SCOTTSDALE INDEMNITY COMPANY (hereinafter referred to as "Defendant SCOTTSDALE"), and JOSEPH SKAGGS (hereinafter referred to as "Defendant SKAGGS"), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff resides at 411 Blackbird Way, Hampton, GA 30228 and is subject to the jurisdiction of this court.

2.

Defendant DOUBLE "S" is a Domestic profit corporation existing under the laws of Georgia with its principal place of business in Georgia and may be served through its registered agent Dawn Wright at 759 Shields Road, Summerville, GA, 30747, USA.

3.

Defendant NATIONWIDE is a FOREIGN COMPANY existing under the laws of Ohio with its principal place of business in Illinois and may be served through its registered agent CORPORATION SERVICE COMPANY at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 and is subject to the jurisdiction of this court.

4.

Defendant SCOTTSDALE is a FOREIGN COMPANY existing under the laws of Ohio with its principal place of business in Ohio and may be served through its registered agent CORPORATION SERVICE COMPANY at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 and is subject to the jurisdiction of this court.

5.

Defendant SKAGGS was/is a truck driver and employee of Defendant DOUBLE "S" and may be served at 13275 W OLD SPRING HOPE, Middlesex, NC 27557 or wherever he may be found in this state.

6.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

7.

On or about August 10, 2020, Plaintiff was driving a vehicle on the I-285 westbound entry ramp from I-20 eastbound in lane 1.

8.

. Defendant SKAGGS was driving his 18-Wheeler on the I-285 westbound entry ramp from I-20 eastbound in lane 1 behind Plaintiff.

9.

On this date, defendant SKAGGS was operating his tractor-trailer on behalf of defendant DOUBLE "S".

10.

Defendant SKAGGS was following too closely and collided into Plaintiff.

11.

As a result of the collision, plaintiff suffered severe and permanent injuries.

-2-

## COUNT 1
### NEGLIGENCE

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

13.

Defendant SKAGGS was negligent in the following manner: FOLLOWING TOO CLOSELY in violation of O.C.G.A. § 40-6-49.

14.

Defendant SKAGGS was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle.

15.

Defendant SKAGGS' negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT 2
### IMPUTED LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At the time of the subject collision, Defendant SKAGGS was under dispatch for Defendant DOUBLE "S".

18.

At the time of the subject collision, Defendant SKAGGS was operating his vehicle on behalf of Defendant DOUBLE "S".

19.

Defendant DOUBLE "S" is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant SKAGGS in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

- 3 -

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant DOUBLE "S" was negligent in hiring Defendant SKAGGS and entrusting him to drive a tractor-trailer.

22.

Defendant DOUBLE "S" was negligent in failing to properly train Defendant SKAGGS.

23.

Defendant DOUBLE "S" was negligent in failing to properly supervise Defendant SKAGGS.

24.

Defendant DOUBLE "S"s negligence in hiring Defendant SKAGGS and entrusting him/her with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 4

## DIRECT ACTION

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendant NATIONWIDE and/or Defendant SCOTTSDALE are subject to a direct action as the insurers for Defendant DOUBLE "S" pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

27.

Defendant NATIONWIDE and/or Defendant SCOTTSDALE were the insurers of Defendant DOUBLE "S" at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

- 4 -

28.

Defendant NATIONWIDE, Defendant SCOTTSDALE and Defendant DOUBLE "S" are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

29.

Defendant NATIONWIDE and/or Defendant SCOTTSDALE are responsible for any judgment rendered against Defendant DOUBLE "S" and Defendant SKAGGS up to its policy limits of coverage.

## COUNT 5
## DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

As a result of Defendants' negligence, Plaintiff suffered including, but not limited to; a traumatic brain injury, postconcussion syndrome, occipital neuralgia, paresthesia and left knee injury.

32.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

33.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages.

34.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT 6
## PUNITIVE DAMAGES

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

- 5 -

36.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

a.    That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.    That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.    That Plaintiff recover such other and further relief as is just and proper.

This 5th day of August, 2021.

MOYER LAW FIRM, LLC

Mandelyn (Mande) Gayre Moyer, Esq.
Georgia Bar No. 681161

MOYER LAW FIRM, LLC
P.O. Box 673721
Marietta, GA 30006
404-593-4877
678-550-9795 Fax

mande@moyer-law.com
www.moyer-law.com

- 6 -

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05806-S1**
8/5/2021 11:41 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

DAVID JONES,

                Plaintiff,

v.

DOUBLE "S" TRUCK LINE, INC.,
NATIONWIDE INSURANCE COMPANY
OF AMERICA, SCOTTSDALE INDEMNITY
COMPANY and JOSEPH SKAGGS,

                Defendant.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.:    **21-C-05806-S1**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants, by and through counsel of record.

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to defendants, for response within 30 days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

      In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

      State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS from 30 days prior to the subject collision to 30 days subsequent to the collision.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of MOYER LAW FIRM, 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339 copies of any lease, contract or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of the bill of sale, title and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any lease, employment contract or any other documents regarding the employment status of JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of the bill of lading for any loads carried by JOSEPH SKAGGS for the

eight-day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by JOSEPH SKAGGS, identify:

(a)   Where the load originated;

(b)   The contents thereof;

(c)   The weight of said load;

(d)   The final destination of the load;

(e)   Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

9.

Was the defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that the plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any trip reports or dispatch records in regard to JOSEPH SKAGGS for the two-

week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of all driver's logs or time cards for JOSEPH SKAGGS for the six-month period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by JOSEPH SKAGGS for the six-month period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all daily, monthly and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint for the one-year period preceding

this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of JOSEPH SKAGGS's qualification file, including but not limited to:

(a)   Application for employment;

(b)   Copy of his/her CDL license;

(c)   Driver's certification of prior motor vehicle accidents;

(d)   Driver's certification of prior violations of motor vehicle laws;

(e)   Driver's prior employment history;

(f)   Carrier's inquiry into his/her driving record;

(g)   Carrier's inquiry into his/her employment record;

(h)   Documents regarding carrier's annual review of his/her driving record;

(i)   Response of each state agency to carrier's annual inquiry concerning his/her driving record;

(j)   Certification of driver's road test;

(k)   Medical examiner's certificate;

(l)   Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m)   Training certificates and training documents;

(n)   Drug testing records;

(o)   Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on JOSEPH SKAGGS? If so, please state:

(a)   The date of testing;

(b)   Who performed the test;

(c)   Where the test was performed;

(d)   The results of the test.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any printouts, records, correspondence, memoranda or other documents concerning post-accident alcohol and controlled substance testing of JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on JOSEPH SKAGGS, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of any post-accident report.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, the accident register for defendant for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any driver manuals, guidelines, rules or regulations issued to drivers by the defendant or kept by the defendant.   In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460,

Atlanta, GA 30339, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 27.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all safety manuals, brochures, handouts, literature or other written documents pertaining to safety provided to drivers by the defendant or kept by the defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

### 29.

State the name, address and telephone number for the president, safety director, federal safety regulation compliance officer, the dispatcher for the trip that ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of JOSEPH SKAGGS.

### 30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

### 31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by JOSEPH SKAGGS at the time of the collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the tractor and trailer unit.

33.

Has JOSEPH SKAGGS ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation;

(e)     The ultimate disposition of the charges.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any document concerning any violation identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has JOSEPH SKAGGS ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification;

(b)     The reason for the disqualification.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility that performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period after the incident.

38.

State the extent of any training provided to JOSEPH SKAGGS by this defendant or any outside agency since the date of defendant driver's application for employment or the date he/she began driving for this defendant, whichever came first.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any documents regarding any training received by JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any permits or licenses regarding the tractor and trailer driven by JOSEPH SKAGGS and the load transported by JOSEPH SKAGGS at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this defendant and JOSEPH SKAGGS(i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to, the date the employment relationship began, if the employment relationship has been terminated, the date of such termination and the identity of the person who terminated such driver.

42.

With respect to JOSEPH SKAGGS, please state the driver's mode of compensation.

43.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460,

Atlanta, GA 30339, the payroll information concerning said driver for the six months prior to and the two months subsequent to said collision and his/her paycheck for the time period covering the date of the collision.  (Plaintiff's counsel is not requesting copies of paychecks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions and motor vehicle records of the drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record and driving infractions of JOSEPH SKAGGS since the commencement of said driver's employment with this defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority or any other governmental agency relative to the subject collision that is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all certificates of authority, filings, registrations, license, permits or other related documents issued by or sent to any governmental entity in regard to this defendant or this defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for JOSEPH SKAGGS prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state JOSEPH SKAGGS's date of birth, Social Security number and driver's license number.

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by JOSEPH SKAGGS on the date of the incident.

51.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)    Was an eyewitness to the incident complained of in this action;

(b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)    Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

61.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any medical records, videotapes, photographs or other evidence concerning, referencing or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 5TH day of August, 2021.

MOYER LAW FIRM, LLC

Mandelyn (Mande) Gayre Moyer, Esq.
Georgia Bar No. 681161

MOYER LAW FIRM, LLC
P.O. Box 673721
Marietta, GA 30006
404-593-4877
678-550-9795 Fax

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05806-S1
8/5/2021 11:41 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

DAVID JONES,

               Plaintiff,

v.

DOUBLE "S" TRUCK LINE, INC.,
NATIONWIDE INSURANCE COMPANY
OF AMERICA, SCOTTSDALE INDEMNITY
COMPANY and JOSEPH SKAGGS,

               Defendant.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.: _____ 21-C-05806-S1

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants, by and through counsel of record.

    Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to defendants, for response within 30 days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

    In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

    State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS from 30 days prior to the subject collision to 30 days subsequent to the collision.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of MOYER LAW FIRM, 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339 copies of any lease, contract or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of the bill of sale, title and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any lease, employment contract or any other documents regarding the employment status of JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

7.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of the bill of lading for any loads carried by JOSEPH SKAGGS for the

eight-day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by JOSEPH SKAGGS, identify:

(a)   Where the load originated;

(b)   The contents thereof;

(c)   The weight of said load;

(d)   The final destination of the load;

(e)   Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

9.

Was the defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that the plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any trip reports or dispatch records in regard to JOSEPH SKAGGS for the two-

week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of all driver's logs or time cards for JOSEPH SKAGGS for the six-month period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by JOSEPH SKAGGS for the six-month period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all daily, monthly and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any· container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the day of the incident referred to in the complaint for the one-year period preceding

this incident and the six-month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of JOSEPH SKAGGS's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his/her CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his/her driving record;

(g)     Carrier's inquiry into his/her employment record;

(h)     Documents regarding carrier's annual review of his/her driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his/her driving record;

(j)     Certification of driver's road test;

(k)     Medical examiner's certificate;

(l)     Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records;

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on JOSEPH SKAGGS? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed;

(d)     The results of the test.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any printouts, records, correspondence, memoranda or other documents concerning post-accident alcohol and controlled substance testing of JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on JOSEPH SKAGGS, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, the accident register for defendant for the one-year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any driver manuals, guidelines, rules or regulations issued to drivers by the defendant or kept by the defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460,

Atlanta, GA 30339, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of all safety manuals, brochures, handouts, literature or other written documents pertaining to safety provided to drivers by the defendant or kept by the defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address and telephone number for the president, safety director, federal safety regulation compliance officer, the dispatcher for the trip that ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of JOSEPH SKAGGS.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six-month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by JOSEPH SKAGGS at the time of the collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the tractor and trailer unit.

33.

Has JOSEPH SKAGGS ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

    (a)    The date of the violation;

    (b)    A description of the violation;

    (c)    The location where the violation occurred;

    (d)    The agency issuing the citation;

    (e)    The ultimate disposition of the charges.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has JOSEPH SKAGGS ever been disqualified or placed out-of-service? If so, please state for each instance.

    (a)    The dates of disqualification;

    (b)    The reason for the disqualification.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility that performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by JOSEPH SKAGGS on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period after the incident.

38.

State the extent of any training provided to JOSEPH SKAGGS by this defendant or any outside agency since the date of defendant driver's application for employment or the date he/she began driving for this defendant, whichever came first.

39.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of any documents regarding any training received by JOSEPH SKAGGS. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any permits or licenses regarding the tractor and trailer driven by JOSEPH SKAGGS and the load transported by JOSEPH SKAGGS at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this defendant and JOSEPH SKAGGS(i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to, the date the employment relationship began, if the employment relationship has been terminated, the date of such termination and the identity of the person who terminated such driver.

42.

With respect to JOSEPH SKAGGS, please state the driver's mode of compensation.

43.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460,

Atlanta, GA 30339, the payroll information concerning said driver for the six months prior to and the two months subsequent to said collision and his/her paycheck for the time period covering the date of the collision.  (Plaintiff's counsel is not requesting copies of paychecks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions and motor vehicle records of the drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Thirty days after service hereof, you are requested to produce for inspection and copying by plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record and driving infractions of JOSEPH SKAGGS since the commencement of said driver's employment with this defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority or any other governmental agency relative to the subject collision that is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all certificates of authority, filings, registrations, license, permits or other related documents issued by or sent to any governmental entity in regard to this defendant or this defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for JOSEPH SKAGGS prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state JOSEPH SKAGGS's date of birth, Social Security number and driver's license number.

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by JOSEPH SKAGGS on the date of the incident.

51.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

. 59.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)    The date each document was generated;

(b)    The person generating each document;

(c)    The present custodian of each document;

(d)    A description of each document.

61.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Moyer Law Firm, LLC located at 1100 Circle 75 Parkway, Suite 460, Atlanta, GA 30339, any medical records, videotapes, photographs or other evidence concerning, referencing or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 5TH day of August, 2021.

MOYER LAW FIRM, LLC

Mandelyn (Mande) Gayre Moyer, Esq.
Georgia Bar No. 681161

MOYER LAW FIRM, LLC
P.O. Box 673721
Marietta, GA 30006
404-593-4877
678-550-9795 Fax

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05806-S1**
**8/18/2021 8:18 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

DAVID JONES,                           )
                                       )
        Plaintiff,                     )        CIVIL ACTION FILE
                                       )        NO. 21-C-05806-S1
v.                                     )
                                       )
DOUBLE "S" TRUCK LINE, INC.,           )
NATIONWIDE INSURANCE COMPANY           )
OF AMERICA, SCOTTSDALE INDEMNITY       )
COMPANY and JOSEPH SKAGGS,             )
                                       )
        Defendants.                    )

## ANSWER AND DEFENSES OF DEFENDANTS DOUBLE "S" TRUCK LINE, INC., NATIONWIDE INSURANCE COMPANY OF AMERICA, SCOTTSDALE INDEMNITY COMPANY AND JOSEPH SKAGGS

COME NOW Defendants, by and through counsel and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to them, and serve their answer and defenses to Plaintiff's Complaint showing the court as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted and Defendants therefore move to dismiss said action.

### SECOND DEFENSE

No act or omission of these Defendants either proximately caused or contributed to whatever damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

### THIRD DEFENSE

This Honorable Court lacks jurisdiction over these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

1

## FOURTH DEFENSE

Service of process is insufficient as to one or more of these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

## FIFTH DEFENSE

Venue is improper in this Court and, as a result thereof, Plaintiff's Complaint must be dismissed.

## SIXTH DEFENSE

The failure to specifically plead special damages bars their recovery.  O.C.G.A. §9-11-9(g).

## SEVENTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, Defendants state that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## NINTH DEFENSE

The Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the Defendants' right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates the Defendants' right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## TENTH DEFENSE

All claims for punitive damages in the Plaintiff's Complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## ELEVENTH DEFENSE

The Plaintiff's claim for punitive damages violates the United States Supreme Court's holding in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2000).

## TWELFTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

3

## PARTIES AND JURISDICTION

### 1.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

### 2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants deny Nationwide's principal place of business is in Illinois.   Defendants admit the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### 5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

### 6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## BACKGROUND

### 7.

Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### 8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## COUNT 1

## NEGLIGENCE

12.

Defendants incorporate their responses to Paragraphs 1 through 11 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT 2

## IMPUTED LIABILITY

16.

Defendants incorporate their responses to Paragraphs 1 through 15 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

5

17.

Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## **COUNT 3**

## **NEGLIGENT HIRING, TRAINING & SUPERVISION**

20.

Defendants incorporate their responses to Paragraphs 1 through 19 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT 4

## DIRECT ACTION

25.

Defendants incorporate their responses to Paragraphs 1 through 24 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

26.

In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendants admit Defendant Scottsdale was subject to a direct action as the insurer for Defendant Double "S". The remaining allegations contained in said paragraph are denied.

27.

In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendants admit Defendant Scottsdale was the insurer of Defendant Double "S" at the time of the subject accident and issued a liability policy. The remaining allegations contained in said paragraph are denied.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint as pled.

7

## COUNT 5

## DAMAGES

30.

Defendants incorporate their responses to Paragraphs 1 through 29 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT 6

## PUNITIVE DAMAGES

35.

Defendants incorporate their responses to Paragraphs 1 through 34 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

In response to the "WHEREFORE" paragraph immediately following paragraph 36 of the complaint, including subparagraphs a. through d. thereof, Defendants deny that they are liable to

8

Plaintiff and that Plaintiff is entitled to any relief from Defendants under any theory at law or in equity.

38.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendants having fully answered the Plaintiff's Complaint, prays that they hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of these Defendants and against the Plaintiff, with all costs cast upon the Plaintiff.

This 18th day of August, 2021.

> */s/ Marc H. Bardack*
> MARC H. BARDACK
> Georgia Bar No. 037126
> CARLOS A. FERNANDEZ
> Georgia Bar No. 769087
>
> *Attorneys for Defendants Double "S" Truck Line, Inc., Nationwide Insurance Company of America, Scottsdale Indemnity Company, and Joseph Skaggs*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
mbardack@fmglaw.com
carlos.fernandez@fmglaw.com

9

## CERTIFICATE OF SERVICE

I hereby that I have this date served the within and foregoing **ANSWER AND DEFENSES OF DEFENDANTS DOUBLE "S" TRUCK LINE, INC., NATIONWIDE INSURANCE COMPANY OF AMERICA, SCOTTSDALE INDEMNITY COMPANY AND JOSEPH SKAGGS** via Odyssey E-file system which will send electronic notification of such filing to counsel of record as follows:

Mandelyn (Mande) Gayre Moyer, Esq.
Moyer Law Firm
P.O. Box 673721
Marietta, GA 30006
mande@moyer-law.com

This 18th day of August, 2021.

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
CARLOS A. FERNANDEZ
Georgia Bar No. 769087

*Attorneys for Defendants Double "S" Truck Line, Inc., Nationwide Insurance Company of America, Scottsdale Indemnity Company, and Joseph Skaggs*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

10